IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIAM AGHA,**<br>4468 Black Ironwood Dr<br>Fairfax, VA 22030<br><br>    *Plaintiff*,<br><br>v.<br><br>**THE REPUBLIC OF IRAQ,**<br>Serve: Fuad Hussein<br>Minister of Foreign Affairs<br>89CQ+4J9 بغداد ،alsalhiya، 00964, Iraq<br><br>    *Defendant*. | Case No.: 1:24-cv-874 |

## COMPLAINT

COMES NOW, Plaintiff Mariam Agha ("Plaintiff" or "Agha"), by and through her attorneys, The Spiggle Law Firm, and for her Complaint states as follows:

### PARTIES

1. Ms. Mariam Agha ("Plaintiff" or "Agha") is an adult citizen of the Commonwealth of Virginia, residing at 4468 Black Ironwood, Fairfax, VA 22030.

2. The Republic of Iraq ("Iraq" or "Defendant") is a sovereign nation and conducts commercial and diplomatic activities at through its Embassy located at 3421 Massachusetts Ave., N.W., Washington, D.C. 2007.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330 because this Court has original jurisdiction over any nonjury civil action against a foreign state or its agents or instrumentalities so long as it is not entitled to sovereign immunity. Defendant is not

1

entitled to sovereign immunity in this matter because the matter falls squarely within the commercial activity exception to sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(2).

4. Venue is appropriate because Iraq maintains significant contacts with the District of Columbia through its Embassy located at 3421 Massachusetts Ave., N.W., Washington, D.C. 2007.

## FACTUAL BACKGROUND

5. Agha, a locally-employed contract employee of Iraq, served as a translator at the Embassy from September 23, 2016 until May 31, 2023. Her starting salary was three-thousand, seventy-five dollars and zero cents ($3,075.00) per month, and her ending salary was three-thousand, four-hundred seventy-five dollars and zero cents ($3,475.00) per month.

6. Agha did not perform any diplomatic duties, but rather performed non-discretionary administrative and clerical tasks.

7. Agha's job duties included translating Embassy documents, letters, correspondence, daily articles, employee leases, and other forms of documentation for Iraqi Ambassador Fared Yaseen and other Embassy employees.

8. On occasion, she would provide interpretation services when a diplomatic delegation was visiting from Defendant's capital, Baghdad.

9. Through her employment, Agha performed her duties in a competent and acceptable manner. She never received a negative job performance review and left her employment with the Embassy on good terms.

10. Under the terms of her contract, Iraq agreed to pay Agha an "End of Service Bonus" equal to one month of her salary for each year of service at the Embassy. *See* **Attachment 1, Employment Agreement**[1].

11. On April 26, 2023, Agha delivered her resignation letter to the Charge d'Affairs, Dr. Salwan Sinjari, with an effective date of May 31, 2023. *See* **Attachment 2, Resignation Letter**. This ended her employment contract after six and one-half years.

12. The Resignation Letter requested disbursement of the End of Service Bonus in accordance with her Employment Agreement.

13. Agha's End of Service Bonus amounted to twenty-two thousand, five-hundred and eighty-seven and 50/100 dollars ($22,587.50).

14. On November 2, 2023, Agha, through undersigned counsel, sent a letter to Iraqi Ambassador to the United States Nizar Al-Khairallah, setting forth the terms of the contract and applicable law, and requested that Iraq pay Agha her End of Service Bonus pursuant to the Employment Agreement, along with reasonable attorneys' fees.

15. To date, Iraq has failed to pay the End of Service Bonus to Agha, resulting in a breach of contract and violation of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301 *et. seq.* ("DC WPCL").

## COUNT I
### FAILURE TO PAY WAGES UNDER THE DC WAGE PAYMENT AND COLLECTION LAW, D.C. CODE § 32-1301 *et. seq*.

16. Agha incorporates by refence and re-alleges each of the allegations contained in paragraphs 1-14 of this Complaint with the same force and vigor as if set out here in full.

---

[1] Attached are three copies of the Employment Agreement: one in Arabic, one translated into English – as provided by the Embassy – and an official English translation.

17.     Under the terms of the Employment Agreement, Iraq owes Agha twenty-two thousand, five-hundred and eighty-seven and 50/100 dollars ($22,587.50)in an End of Service Bonus.

18.     The End of Service Bonus promised in the Employment Agreement constitute "Wages" under the DC WPCL. D.C. Code § 32-1301(3).

19.     Iraq has failed to pay Agha the required wages following her resignation as required by D.C. Code § 32-1302–03.

20.     Consequently, Iraq is required to pay the twenty-two thousand, five-hundred and eighty-seven and 50/100 dollars ($22,587.50) owed to Agha, treble damages in the amount of sixty-seven thousand, seven-hundred and sixty-two and 50/100 dollars ($67,762.50), and her attorneys' fees and costs at the required rates. D.C. Code §§ 32-1303, 1308.

## COUNT II
## BREACH OF CONTRACT

21.     Agha incorporates by refence and re-alleges each of the allegations contained in paragraphs 1-14 of this Complaint with the same force and vigor as if set out here in full.

22.     Agha and Iraq entered into the Employment Agreement, a valid contract, for local employment at the Embassy of Iraq in Washington, D.C.

23.     Under the terms of the Employment Agreement, upon the resignation of Agha's employment, Iraq had a duty to pay Agha End of Service Bonus amounting to one month's salary for each year of her employment at her most Iraq breached its duty to pay End or Service Bonus to Agha.

24.     Agha suffered damages as a result of Iraq's breach of the Employment Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mariam Agha respectfully requests that this Honorable Court order the following relief:

A. Declare Iraq's actions in violation of the District of Columbia Wage Payment and Collection Law;

B. Declare Iraq in breach of its contract with Agha;

C. Enter judgment for Agha and against Iraq on all counts contained herein;

D. Award Agha her End of Service Bonus in an amount totaling twenty-two thousand, five-hundred and eighty-seven and 50/100 dollars ($22,587.50)

E. Award Agha treble damages sixty-seven thousand, seven-hundred and sixty-two and 50/100 dollars ($67,762.50);

F. Award Agha her reasonable costs and attorneys' fees at the rates set forth in the so-called "LSI Laffey" matrix approved by the court in Salazar v. District of Columbia, 123 F.Supp.2d 8 (D.D.C. 2000) pursuant to D.C. Code §32-1308(b);

G. Award pre-judgment and post-judgment interest; and

H. Order such relief as this Court deems just and proper.

Respectfully submitted,

/s/ Francisco Mundaca, Esq.
D.C. Bar No.: 1500010
Federal Bar No.: NY0343
THE SPIGGLE LAW FIRM, P.C.
3601 Eisenhower Ave, Suite 425
Alexandria, Virginia 22304
Telephone: (202) 449-8527
Facsimile: (202) 517-9179
*Attorney for Mariam Agha*