UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARIAM AGHA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 24-cv-00874 (APM) |
| REPUBLIC OF IRAQ | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

### I.

Before the court are two motions filed by Defendant Republic of Iraq: (1) Motion to Set Aside Entry of Default Judgment, ECF No. 21, and (2) Motion to Dismiss Plaintiff's Complaint, ECF No. 18 [Mot. to Dismiss]. The former is granted, and the latter is granted in part and denied in part.

### II.

*Set Aside Entry of Default.* Under Federal Rule of Civil Procedure 55(c), a defendant's default may be set aside for "good cause." Fed. R. Civ. P. 55(c). In making a "good cause" determination, the court must consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [is] meritorious." *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). A defendant's "allegations are meritorious if they contain 'even a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id.* at 374 (citations omitted).

Here, all three factors favor vacating the default. First, even accepting that Plaintiff successfully served Iraq on April 8, 2024, ECF No. 6, Iraq entered its appearance on September 27, 2024, ECF No. 17, less than four months after the clerk's entry of default, ECF No. 8, and less than two months after Iraq received service of the default, ECF No. 15. The court does not consider Iraq's actions so dilatory as to constitute willful avoidance of these proceedings. Second, the set-aside will not prejudice Plaintiff. At the time Iraq entered its appearance, she had not even moved for a default judgment. Third, Iraq has advanced potentially meritorious defenses. At a minimum, Plaintiff's entitlement to a separation bonus is murky based on the present record, and Iraq conceivably could prove at trial she was not entitled to one.

### III.

*Motion to Dismiss*. Iraq moves to dismiss based on sovereign immunity. Mot. to Dismiss at 7–11. It is at least plausible, however, that the Foreign Sovereign Immunities Act's commercial activity exception applies because Plaintiff's breach of contract claim is "based on" an employment agreement. *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 663 (D.C. Cir. 2007) ("Since El–Hadad's action is 'based upon' breach of his employment contract and defamation in connection with that breach, this case involves the commercial activity exception as applied in the employment context.") (citation omitted). Iraq counters that the commercial activity exception is inapplicable because Plaintiff performed duties that were diplomatic in nature. Mot. to Dismiss at 10–11. But whether Plaintiff's employment can be so characterized is a fact-intensive inquiry, *see El-Hadad*, 496 F.3d at 665, and viewing the complaint's allegations in the light most favorable to Plaintiff, it is plausible that her employment was of a commercial nature.

Next, Iraq argues that Plaintiff fails to state a claim for breach of contract. Mot. to Dismiss at 6–7. It points out that the complaint attaches two contracts, and it is unclear whether any of the

2

agreements applied at the time of her departure. *See id.*, *see also* Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 22 at 2. But, at this stage, Plaintiff plausibly asserts that her employment agreement was annually extended by mutual agreement and that the contract that governed at the time of her departure required payment of a separation bonus. Pl.'s Opp'n to Mot. To Dismiss, ECF No. 20 [Pl.'s Opp'n], at 6; Compl., ECF No. 1 ¶ 10, Ex. 1, ECF No. 1-1, at 15 (contract clause referencing automatic renewal) and 16 (contract clause referencing an "End of service bonus").

Finally, Iraq argues that Plaintiff fails to state a violation of the D.C. Wage Payment and Collection Law ("D.C. Wage Law"). It maintains that as a foreign sovereign it is not an "employer" for purposes of that law. Mot. to Dismiss at 11–12. The court agrees.

The D.C. Wage Law provides that the term "employer":

> includes every individual, partnership, firm, general contractor, subcontractor, association, corporation, the legal representative of a deceased individual, or the receiver, trustee, or successor of an individual, firm, partnership, general contractor, subcontractor, association, or corporation, employing any person in the District of Columbia; provided, that the word "employer" shall not include the government of the United States, the government of the District of Columbia, or any agency of either of said governments, or any employer subject to the Railway Labor Act (45 U.S.C. § 151 et seq.).

D.C. Code § 32-1301(1B). That comprehensive definition of "employer" does not include a foreign sovereign, such as Iraq. That omission is notable because the definition expressly excludes the United States and the government of the District of Columbia. It is doubtful that the D.C. Council intended for the D.C. Wage Law silently to apply to foreign sovereigns when it expressly excluded the United States and District of Columbia in their capacities as employers.

Plaintiff looks to the Fair Labor Standards Act ("FLSA") and its definition of "employer," which she contends is co-extensive with the D.C. Wage Law's. Pl.'s Opp'n at 12. But the FLSA's definition of employer is quite different than the D.C. Wage Law's. *Compare* 29 U.S.C. § 203(d)

3

(defining "employer" as "include[ing] any person acting directly or indirectly in the interest in relation to an employee and includes a public agency") *with* D.C. Code § 32-1301(1B) (specifying specific types of employers and excluding others). True, courts construe the term "employee" the same under the FLSA and the D.C. Wage Law, *see Mills v. Anadolu Agency NA, Inc.*, 105 F.4th 388, 394 (D.C. Cir. 2024), but Plaintiff offers no binding authority that says the same with respect to the definition of "employer." Plaintiff cites *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139 (D.D.C. 2011), for the proposition that "determinations of employer or employee status under the FLSA apply equally under the District of Columbia wage laws." Pl.'s Opp'n at 12 (citing *Thompson*, 779 F. Supp. at 146), but *Thompson* involved no comparison of the FSLA's and D.C. Wage Act's respective texts or their application. Its equating of the term "employer" under both statutes therefore is not persuasive.

Additionally, Plaintiff cites a Second Circuit decision, *Nam v. Permanent Mission of Republic of Korea to the United Nations*, 118 F.4th 234, 237 (2d Cir. 2024), for the proposition that the FLSA applies to foreign sovereigns, but that case did not answer whether the federal statute so applies. The question was not before the court. In any event, based on the D.C. Wage Law's definition of "employer," the court agrees that Iraq is not subject to that statute.

### IV.

For the foregoing reasons, Iraq's motion to set aside the entry of default, ECF No. 21, is granted. The Clerk of Court shall vacate the entry of default at ECF No. 8. Iraq's motion to dismiss, ECF No. 18, is granted as to Plaintiff D.C. Wage Law claim but otherwise denied.

Dated: December 3, 2024

Amit P. Mehta
United States District Court Judge